UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY CHUNG LIANG KING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERIPRISE AUTO & HOME INSURANCE, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-04118-VC<br><br>**ORDER GRANTING THE MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>Re: Dkt. No. 10 |

　　　　The motion to dismiss is granted with leave to amend. As a general matter, King's complaint fails to articulate basic facts, such as the terms of his home insurance policy and the amount he believed he was owed under that policy. But King also fails to allege the specific facts needed to support his claims of professional negligence, breach of fiduciary duty, breach of contract, breach of the implied covenant of good faith and fair dealing, negligent and fraudulent misrepresentation, and false advertising. To the extent that his claims rely on allegations of fraud, he must be able to overcome the heightened pleading standard of Rule 9(b). *See Sheahan v. State Farm Gen. Ins. Co.*, 395 F. Supp. 3d 997, 1004–5 (N.D. Cal. 2019).

　　　　Most importantly, California law makes plain that it is the homeowner's duty to ensure that the limits set out in his insurance policy are sufficient to cover his dwelling in the event of a complete loss. If King's policy fell short of his expectations, he must be able to allege with specificity that he reasonably relied on an insurance agent's misrepresentation of the policy's terms. *Paper Savers, Inc. v. Nacsa*, 51 Cal. App. 4th 1090, 1096 (Cal. Ct. App. 1996). Whereas the *Paper Savers* plaintiff alleged that an individual insurance agent promised full coverage *regardless* of the policy's express limits, King has not even acknowledged what the limits in his

policy were, let alone allege that he was assured they would not matter. Absent allegations of facts sufficient to infer that an insurer or agent "assume[d] a greater duty" to King by way of such a misrepresentation, his complaint cannot support claims of fraud, misrepresentation, or breach of contract or duty. *Id.*

The case is dismissed with leave to amend. An amended complaint is due 21 days from the date of this order. In addition to considering whether he can truly state claims against Ameriprise, King should consider whether he has a legitimate basis for naming the Costco defendants (and, if so, for what claims).

**IT IS SO ORDERED.**

Dated: September 22, 2020

_____
VINCE CHHABRIA
United States District Judge