UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY CHUNG LIANG KING,<br><br>   Plaintiff,<br><br>  v.<br><br>AMERIPRISE AUTO & HOME INSURANCE, et al.,<br><br>   Defendants. | Case No. 20-cv-04118-VC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 39 |

  The motion to dismiss is granted.

  King's attorney appears to have responded to the order dismissing the prior complaint with leave to amend primarily by copying and pasting the same lengthy factual allegations over and over again, under each cause of action. This accomplished nothing, other than placing the complaint in jeopardy of violating Rule 8 and placing counsel in jeopardy of being sanctioned for wasting the defendant's and the Court's time. It would, candidly, justify dismissal of the complaint without further leave to amend. But in the interest of preventing the client from being punished for his lawyer's conduct, and also because the Court's prior order may have slightly misstated California law, King will be given leave to amend one more time.

  To survive a motion to dismiss, the complaint needs to allege facts showing that an insurance agent misrepresented the terms of King's insurance policy to King or otherwise acted in a way that created a special duty. *Paper Savers, Inc. v. Nacsa*, 51 Cal.App.4th 1090, 1096–97 (Cal. Ct. App. 1996) (an insurance agent assumes a greater duty only by (1) express agreement, (2) holding himself out as having special expertise in the field, (3) misrepresenting the extent or

scope of the coverage, or (4) responding to a request from the insured for a specific type of coverage). This Court's prior order granting dismissal may have stated the test too narrowly by suggesting that an agent needed to have specifically told King that he was covered "regardless of the policy's express limits." But the complaint does need to allege facts showing the agent made some statement or took some act that created a special duty (such as misrepresenting the terms of the policy), and King has not done so here.

The core problem with this complaint is that King's allegations are too vague to show any misrepresentation. Some parts of the complaint could conceivably be read in isolation as alleging that King asked the insurance agent he spoke with in 2017 for a policy that would cover a complete rebuild no matter what it cost—for example, paragraph 65(C). But most parts of the complaint seem to allege that King knew he was discussing a policy that would cover the cost of rebuilding only up to certain limits, and was merely asking the agent to make sure that those limits would be sufficient to completely cover his costs—for example, paragraph 75. Such limits are always based on estimates, and do not constitute a promise that the actual cost of rebuilding will never exceed the estimation. And the complaint plainly acknowledges that the policy King actually paid for had limits. If King had clearly alleged that the agent promised him that the insurance he was buying was different in any material way from what the text of the policy provides (such as by saying that the coverage would not have limits), he would have a viable claim. But the best interpretation of the current complaint (while it is admittedly vague) is that King was unsure of what he was actually asking for, not that an agent affirmatively misrepresented what he was getting. That is not enough to state a claim, especially because King's fraud-based claims must meet the more demanding standard of Rule 9(b).

Because the Court cannot rule out the possibility that King could plead additional facts to adequately state a claim, dismissal is, once again, with leave to amend. However, it bears repeating that the approach to complaint-drafting by King's counsel has already wasted a great deal of time and money. Counsel is advised to give much more careful consideration to: (1) what facts—not legal conclusions—can and must be alleged to support King's claims; and (2) which

claims can be properly alleged against <u>each individual</u> defendant. *See Heidingsfelder v. Ameriprise Auto & Home Insurance*, No. 19-cv-08255-JD, 2020 WL 5702111, at *3 (N.D. Cal. Sept. 24, 2020). All parties, but especially King himself, would be better served by a clear and succinct statement of the factual allegations. This will almost certainly be King's last chance to get it right.

Any amended complaint must be filed within 14 days of this order; failure to file an amended complaint by that date will result in dismissal with prejudice.

**IT IS SO ORDERED.**

Dated: February 11, 2021

VINCE CHHABRIA
United States District Judge